UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:24-cv-22978

MEGAN PAULSEN,

Plaintiff,

vs.

ROYAL CARIBBEAN CRUISES, LTD.,
a Liberian Corporation,
INTERCRUISES  SHORESIDE &
PORT SERVICES, INC., and
CANAVERAL PORT AUTHORITY,

     Defendants.

_____/

## PLAINTIFF'S AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

**Plaintiff, MEGAN PAULSEN**, a citizen and resident of Florida, hereby files this Complaint against **Defendant**, **ROYAL CARIBBEAN CRUISES LTD. ("ROYAL CARIBBEAN")**, a Liberian Corporation with its principal place of business in Miami-Dade County, Florida, **Defendant CANAVERAL PORT AUTHORITY ("CPA")**, a Florida independent agency, and **Defendant INTERCRUISES SHORESIDE & PORT SERVICES, INC. ("INTERCRUISES")**, and alleges:

### JURISDICTION, VENUE AND PARTIES

1. This is an action for damages in excess of Seventy-Five Thousand ($75,000.00) dollars, exclusive of interest and costs.

2. Plaintiff, MEGAN PAULSEN, is a citizen and resident of Florida, and is otherwise *sui juris*.

3. Defendant, ROYAL CARIBBEAN, is a Liberian corporation with its principal place of business in Miami-Dade County, Florida. Defendant ROYAL CARIBBEAN is both a citizen of Liberia and a citizen of Florida.

4. Defendant, CANAVERAL PORT AUTHORITY ("CPA"), was and is an independent Governmental agency and special taxing district created by a Special Legislative Act of the Florida Legislature in 1953. *See* 1953 Laws of Florida, Chapter 28922, Article III, §1.

5. At all times material hereto, Defendant CPA was and is the owner and operator of a maritime port known as Port Canaveral, Florida, pursuant to its authority and powers that were created and vested by the aforesaid Special Legislative Act.

6. At all times material hereto, Defendant, CPA is and was the managing authority of Port Canaveral and lessor of port property.

7. At all times material hereto, Defendant, INTERCRUISES SHORESIDE & PORT SERVICES, INC. ("INTERCRUISES"), is a Delaware Corporation registered to do business in Florida, with its principal place of business in Fort Lauderdale, Florida.

8. At all material times, Defendant INTERCRUISES has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, in the Southern District of Florida, so that in personam jurisdiction over Defendant exists in the United States District Court for the Southern District of Florida.

9. Venue is also proper because Defendant INTERCRUISES' principal place of business is located within this judicial district.

10. The acts or omissions giving rise to this claim herein occurred in Port

2

Canaveral, Brevard County, Florida.

11.     This Court has jurisdiction over this matter pursuant to 28 USC § 1333(1) (admiralty) and the contractual language contained in the cruise ticket.

12.     At all material times, Defendant ROYAL CARIBBEAN has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, in the Southern District of Florida, so that in personam jurisdiction over Defendant exists in the United States District Court for the Southern District of Florida.

13.     At all material times, Defendant ROYAL CARIBBEAN was, and is, engaged in the business of operating maritime cruise vessels for paying passengers, including the Plaintiff.

14.     In the operative ticket contract, Defendant ROYAL CARIBBEAN requires fare paying passengers such as the Plaintiff to bring any lawsuit against it arising out of injuries or events occurring on the cruise voyage in this federal judicial district, and venue is proper in this Court.

15.     Venue is also proper because Defendant ROYAL CARIBBEAN's principal place of business is located within this judicial district.

16.     Plaintiff has complied with all conditions precedent to bringing this action, including providing Defendant ROYAL CARIBBEAN with timely notice as required by the ticket contract.

## LIABILITY AND DAMAGE ALLEGATIONS COMMON TO ALL COUNTS

17.     At all material times, Defendant, ROYAL CARIBBEAN, was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose

operated, among other vessels, the ROYAL CARIBBEAN "Wonder of the Seas."

18.     At all material times, Defendant, INTERCRUISES, had a contract with ROYAL CARIBBEAN to operate the cruise terminals when ROYAL CARIBBEAN's vessels, including "Wonder of the Seas," were docked at Port Canaveral.

19.     From July 30, 2023, through August 6, 2023, Plaintiff was a fare paying passenger aboard the ROYAL CARIBBEAN "Wonder of the Seas," and in that capacity was lawfully present aboard the vessel.

20.     On August 6, 2023, at approximately 7:40 am, Plaintiff was exiting the cruise ship on the terminal, when, right before customs, she suddenly and unexpectedly slipped on a puddle of water and fell hard onto her knees.

21.     After slipping and falling abruptly on the terminal, Plaintiff attempted to get up, took a couple of steps to try to stabilize herself, and ended up slipping on the puddle again and falling down a second time.

22.     Following the incident, Plaintiff immediately felt pain in her groin, knees and hips as well as in her right shoulder, wrist, hand, elbow and back. In addition, Plaintiff experienced extreme emotional distress, as she was also thirteen weeks pregnant when she fell.

23.     After Plaintiff's fall, a manager came over and instructed three other workers to block off the puddle, so that no one else would be injured.

24.     As a result of the fall, Plaintiff experienced visible swelling in both knees and required a wheelchair in order to pass through customs.

25.     Because of Plaintiff's concern for her baby, she declined the immediate medical attention offered and instead went straight to the Port St. John urgent care, which was closer to

4

her OBGYN Physician, and was referred to the emergency room from there.

26.     There were no caution signs warning Plaintiff, or other passengers, about the dangerous condition created by Defendants.

27.     As a direct and proximate result of the fall described in paragraphs 20 and 21 above, the Plaintiff was injured in and about her body and extremities, and suffered pain therefrom, and sustained mental anguish, disfigurement, disability and the loss of capacity for enjoyment of life. Furthermore, she incurred medical, hospital, and other out of pocket and health care expenses in the past and future as a result of her injuries, the future medical expenses being reasonably certain to occur. These damages are permanent or continuing in their nature and Plaintiff will continue to sustain and incur these damages in the future.

## COUNT I – NEGLIGENCE
## AGAINST ROYAL CARIBBEAN

28.     Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 27 above and further alleges the following matters.

29.     At all material times, Defendant ROYAL CARIBBEAN owed Plaintiff, as a fare paying passenger, a duty of reasonable care for her safety, including a duty to maintain its vessel, deck area and terminal from the "Wonder of the Seas" vessel in a condition reasonably safe for passenger use.

30.     The duty of reasonable care alleged in the previous paragraph includes a duty on the part of ROYAL CARIBBEAN to maintain its premises in a reasonably safe condition and warn of hazards.

31.     At all material times, Defendant ROYAL CARIBBEAN had actual and/or constructive notice of the hazardous condition as described above.

32.   Notwithstanding ROYAL CARIBBEAN's actual and/or constructive knowledge of the dangerous condition as alleged above, the Defendant failed before the time of the Plaintiff's slip and fall to take reasonable measures to maintain the area where Plaintiff fell in a reasonably safe manner or to correct its dangerous condition.  The Defendant thereby failed to exercise reasonable care for the safety of its  passengers, including the Plaintiff, and was thereby negligent.

33.   The Defendant's specific negligent acts and/or omissions consist of one or more of the following:

a.  Failing to exercise reasonable care for the safety of its passengers and in creating a dangerous condition on the terminal surface of the Royal Caribbean "Wonder of the Seas;"

b.  Failing to properly maintain surfaces and walkways on or attached to its vessel in a reasonably safe condition;

c.  Failing to inspect the terminal in a sufficient and diligent manner to determine the presence of a foreign transitory substance;

d.  Failing to provide a reasonable walkway to exit its vessel, reasonably designed for use by its passengers;

e.  Failing to warn passengers, including Plaintiff, of the existence of a foreign substance, the existence of which Defendant knew of or in the exercise of reasonable care should have known in the subject area of the terminal;

f.  Negligently establishing and enforcing a method of operation on the terminal for inspection and maintenance of the walkway surface where Plaintiff fell;

g.  Allowing a dangerous condition to exist notwithstanding prior similar incidents on this and other vessels in its fleet;

h.  Failing to train crew members in the assessment, inspection, discovery, and cleaning of liquid in walkway areas on, or exiting, the Royal Caribbean "Wonder of the Seas;"

34.     As a direct and proximate result of one or more of the Defendant's negligent acts and/or omissions as described above, the Plaintiff slipped and fell as alleged in Paragraphs 20 and 21 above and has thereby sustained and will continue in the future to sustain the damages alleged in Paragraph 27 above.

**WHEREFORE**, Plaintiff demands judgment against Defendant ROYAL CARIBBEAN for compensatory damages, interest and the costs of this action and further demands trial by jury of all issues so triable as of right.

<u>**COUNT II – NEGLIGENCE**</u>
<u>**AGAINST CANAVERAL PORT AUTHORITY**</u>

35.     Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 27 above and further alleges the following matters.

36.     At all material times, Defendant CPA owed Plaintiff, as a fare paying passenger, a duty of reasonable care for her safety, including a duty to maintain the vessels in its port and its ramps and terminals used to transport passengers from the vessels, including the Royal Caribbean "Wonder of the Seas," in a condition reasonably safe for passenger use.

37.     The duty of reasonable care alleged in the previous paragraph includes a duty on the part of CPA to maintain its premises in a reasonably safe condition and warn of hazards.

38.     At all material times, Defendant CPA had actual and/or constructive notice of the hazardous condition as described above.

39.     Notwithstanding CPA's actual and/or constructive knowledge of the dangerous condition as alleged above, the Defendant failed before the time of the Plaintiff's slip and fall to take reasonable measures to maintain the area where Plaintiff fell in a reasonably safe

manner or to correct its dangerous condition. The Defendant thereby failed to exercise reasonable care for the safety of its port's passengers, including the Plaintiff, and was thereby negligent.

40.     The Defendant's specific negligent acts and/or omissions consist of one or more of the following:

a. Failing to exercise reasonable care for the safety of its port's passengers and in creating a dangerous condition on the terminal surface of the Royal Caribbean "Wonder of the Seas;"

b. Failing to properly maintain surfaces and walkways on or attached to vessels in its port in a reasonably safe condition;

c. Failing to inspect the terminals in a sufficient and diligent manner to determine the presence of a foreign transitory substance;

d. Failing to provide a reasonable walkway for passengers to exit vessels onto its port, reasonably designed for use by its passengers;

e. Failing to warn passengers, including Plaintiff of the existence of a foreign substance, the existence of which Defendant knew of or in the exercise of reasonable care should have known in the subject area of the terminal;

f. Negligently establishing and enforcing a method of operation on the terminal for inspection and maintenance of the walkway surface where Plaintiff fell;

g. Allowing a dangerous condition to exist notwithstanding prior similar incidents on this and other vessels in its port;

h. Failing to train port employees in the assessment, inspection, discovery, and cleaning of liquid in walkway areas and terminals exiting vessels, including the Royal Caribbean "Wonder of the Seas;"

41.     As a direct and proximate result of one or more of the Defendant's negligent acts and/or omissions as described above, the Plaintiff slipped and fell as alleged in Paragraphs 20 and 21 above and has thereby sustained and will continue in the future to sustain the

damages alleged in Paragraph 27 above.

**WHEREFORE**, Plaintiff demands judgment against Defendant CANAVERAL PORT AUTHORITY for compensatory damages, interest and the costs of this action and further demands trial by jury of all issues so triable as of right.

<u>**COUNT III – NEGLIGENCE**</u>
<u>**AGAINST INTERCRUISES SHORESIDE**</u>
<u>**& PORT SERVICES, INC.**</u>

42.     Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 27 above and further alleges the following matters.

43.     At all material times, Defendant INTERCRUISES owed Plaintiff, as a fare paying passenger, a duty of reasonable care for her safety, including a duty to maintain the ramps and terminals used to transport passengers to and from ROYAL CARIBBEAN's vessels, including the "Wonder of the Seas," in a condition reasonably safe for passenger use.

44.     The duty of reasonable care alleged in the previous paragraph includes a duty on the part of INTERCRUISES to maintain the premises they are in charge of operating in a reasonably safe condition and warn of hazards.

45.     At all times material hereto, Defendant INTERCRUISES, had actual and/or constructive notice of the hazardous condition as described above.

46.     Notwithstanding INTERCRUISES' actual and/or constructive knowledge of the dangerous condition as alleged above, the Defendant failed before the time of the Plaintiff's slip and fall to take reasonable measures to maintain the area where Plaintiff fell in a reasonably safe manner or to correct its dangerous condition.  The Defendant thereby failed to exercise reasonable care for the safety of the cruise passengers, including the Plaintiff, and was thereby negligent.

47.   The Defendant's specific negligent acts and/or omissions consist of one or more of the following:

a.   Failing to exercise reasonable care for the safety of passengers and in creating a dangerous condition on the terminal surface of the Royal Caribbean "Wonder of the Seas;"

b.   Failing to properly maintain surfaces and walkways on or attached to vessels in the port in a reasonably safe condition;

c.   Failing to inspect the terminal in a sufficient and diligent manner to determine the presence of a foreign transitory substance;

d.   Failing to provide a reasonable walkway for passengers to exit vessels onto the port, reasonably designed for use by its passengers;

e.   Failing to warn passengers, including Plaintiff of the existence of a foreign substance, the existence of which Defendant knew of or in the exercise of reasonable care should have known in the subject area of the terminal;

f.   Negligently establishing and enforcing a method of operation on the terminal for inspection and maintenance of the walkway surface where Plaintiff fell;

g.   Allowing a dangerous condition to exist notwithstanding prior similar incidents on this and other vessels in the port;

h.   Failing to train employees in the assessment, inspection, discovery, and cleaning of liquid in walkway areas and terminals exiting vessels, including the Royal Caribbean "Wonder of the Seas;"

48.   As a direct and proximate result of one or more of the Defendant's negligent acts and/or omissions as described above, the Plaintiff slipped and fell as alleged in Paragraphs 20 and 21 above and has thereby sustained and will continue in the future to sustain the damages alleged in Paragraph 27 above.

**WHEREFORE**, Plaintiff demands judgment against Defendant INTERCRUISES for compensatory damages, interest and the costs of this action and further

demands trial by jury of all issues so triable as of right.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands trial by jury of all issues so triable as of right.

Dated: August 30, 2024.

**VICTOR A. RUIZ, P.A.**
8660 West Flagler Street, Suite 100
Miami, Florida 33144
Tel: 305-778-4445
Fax:786-687-5250
Service Email: Paralegal@Ruiz.Legal

By: **/s/ Victor Adam Ruiz, Esq.**
Victor A. Ruiz, Esq. Fla. Bar
No.:85353
Email: Victor@Ruiz.Legal

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the date shown above a true and correct copy of the foregoing

was served on all counsel of record via CM/ECF.

By: **/s/ Victor Adam Ruiz, Esq.**
Victor A. Ruiz, Esq.

## SERVICE LIST

Eddie G. Godwin
*Attorney for Defendant*
Lau, Lane, Pieper, Conley & McCreadie, P.A.
100 South Ashley Drive, Suite 1650
Tampa, Florida 33602
egodwin@laulane.com

Cooper Jarnagin
*Attorney for Defendant*
GrayRobinson, P.A.
515 N. Flagler Drive, Suite 650
West Palm Beach, Florida 33401
cooper.jarnagin@gray-robinson.com