**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-cv-22978-RAR**

**MEGAN PAULSEN,**

     Plaintiff,

v.

**ROYAL CARIBBEAN CRUISES, LTD.,**
**INTERCRUISES SHORESIDE & PORT**
**SERVICES, INC.,** and
**CANAVERAL PORT AUTHORITY,**

     Defendants.

_____/

## ROYAL CARIBBEAN CRUISES, LTD.'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, ROYAL CARIBBEAN CRUISES, LTD. ("RCCL"), by and through undersigned counsel, files its Answer and Affirmative Defenses to Plaintiff's First Amended Complaint [ECF No. 14], and states as follows:

### ANSWER

### JURISDICTION, VENUE AND PARTIES

1. Admitted Plaintiff alleges damages in excess of $75,000, denied as to entitlement to same.

2. Without knowledge, therefore denied.

3. Admitted for purposes of this litigation only that jurisdiction over RCCL is proper.

4. This paragraph is not directed to RCCL. To the extent a response is required, denied.

5. This paragraph is not directed to RCCL. To the extent a response is required, denied.

6.      This paragraph is not directed to RCCL. To the extent a response is required, denied.

7.      This paragraph is not directed to RCCL. To the extent a response is required, denied.

8.      This paragraph is not directed to RCCL. To the extent a response is required, denied.

9.      This paragraph is not directed to RCCL. To the extent a response is required, denied.

10.     Admitted only that Plaintiff alleges her incident occurred in Port Canaveral, Brevard County, Florida. Otherwise, denied.

11.     Admitted this Court has admiralty jurisdiction.

12.     Admitted for purposes of this litigation only that jurisdiction over RCCL is proper.

13.     Admitted RCCL operated cruises for fare-paying passengers during the relevant time-period.

14.     Admitted for purposes of this litigation only that venue is proper.

15.     Admitted for purposes of this litigation only that venue is proper.

16.     RCCL admits on its own behalf only that Plaintiff has satisfied all conditions precedent for filing this action. RCCL is without sufficient knowledge to admit or deny this paragraph in any other respect, therefore, denied.

## LIABILITY AND DAMAGE ALLEGATIONS COMMON TO ALL COUNTS

17.     Admitted RCCL operated the *Wonder of the Seas* for fare-paying passengers during the relevant time-period.

18. Admitted only that RCCL contracted with co-Defendant Intercruise Shoreside & Port Services for ground handling services at the subject terminal on the date of Plaintiff's alleged accident. Otherwise, denied as phrased.

19. Admitted.

20. Without knowledge, therefore denied.

21. Without knowledge, therefore denied.

22. Without knowledge, therefore denied.

23. Without knowledge, therefore denied.

24. Without knowledge, therefore denied.

25. Without knowledge, therefore denied.

26. Without knowledge, therefore denied.

27. Denied.

**COUNT I – NEGLIGENCE**
**AGAINST ROYAL CARIBBEAN**

28. RCCL incorporates its responses to paragraphs 1 through 27 as if fully stated herein.

29. Denied as an incomplete and inaccurate statement of the law applicable to this case.

30. Denied as an incomplete and inaccurate statement of the law applicable to this case.

31. Denied.

32. Denied.

33. Denied, including subparts (a) through (h).

34. Denied, including all allegations of the "WHEREFORE" clause.

## COUNT II – NEGLIGENCE
## AGAINST CANAVERAL PORT AUTHORITY

35.     RCCL incorporates its responses to paragraph 1 through 27 as if fully stated herein.

36.     This paragraph is not directed to RCCL. To the extent a response is required, denied.

37.     This paragraph is not directed to RCCL. To the extent a response is required, denied.

38.     This paragraph is not directed to RCCL. To the extent a response is required, denied.

39.     This paragraph is not directed to RCCL. To the extent a response is required, denied.

40.     This paragraph is not directed to RCCL. To the extent a response is required, denied.

41.     This paragraph is not directed to this RCCL. To the extent a response is required, denied.

## COUNT III – NEGLIGENCE
## AGAINST INTERCRUISES SHORESIDE
## & PORT SERVICES, INC.

42.     RCCL incorporates its responses to paragraphs 1 through 27 as if fully stated herein.

43.     This paragraph is not directed to RCCL. To the extent a response is required, denied.

44.     This paragraph is not directed to RCCL. To the extent a response is required, denied.

45.     This paragraph is not directed to RCCL. To the extent a response is required, denied.

46.     This paragraph is not directed to RCCL. To the extent a response is required, denied.

47.     This paragraph is not directed to RCCL. To the extent a response is required, denied.

48.     This paragraph is not directed to RCCL. To the extent a response is required, denied.

**AFFIRMATIVE DEFENSES**

As separate and complete defenses, based on information and belief, Defendant Royal Caribbean Cruises, Ltd., states as follows:

**A.**     Plaintiff's Amended Complaint fails to state a cause of action for which relief may be granted, and therefore should be dismissed with prejudice.

**B.**     There is no cause of action for negligence as to RCCL because it did not create or maintain any dangerous or defective condition, and had no actual or constructive notice of any dangerous condition which was the cause of Plaintiff's incident.

**C.**     Plaintiff's damages, if any, were caused in whole or in part by the acts and/or omissions of third persons for whom RCCL is not responsible and that amounts to a superseding cause that cuts off any causal connection between RCCL's alleged negligence and Plaintiff's injuries.

**D.**     RCCL invokes and alleges the terms and conditions of the Cruise Ticket Contract applicable to Plaintiff's passage aboard the subject cruise, and asserts that Plaintiff's action is

subject to the limitations, terms and conditions contained therein. RCCL adopts and incorporates the entirety of the Cruise Ticket Contract herein by reference.

**E.** Plaintiff failed to mitigate her damages, and therefore, any damages award should be reduced accordingly.

**F.** The allegedly dangerous condition described in Plaintiff's Amended Complaint was open and obvious, obviating any duty to warn.

**G.** Plaintiff's injuries, if any, are the result of a pre-existing injury or condition which was not aggravated by the alleged accident complained of. Alternatively, if any pre-existing injury or condition was aggravated by any claimed injuries suffered in the accident, Plaintiff is only entitled to reimbursement for the degree of aggravation and any recovery obtained must be limited to the percentage of aggravation suffered as a result of the alleged accident.

**H.** Plaintiff is barred from recovery because her own negligence was the sole proximate cause of the alleged incident and all her injuries and damages. Alternatively, Plaintiff's own negligence was a contributing legal cause of the alleged accident and her damages, if any, must be reduced in proportion to the share of comparative negligence attributable to Plaintiff.

**I.** RCCL did not own, control, operate, design, or maintain the subject gangway at Port Canaveral that Plaintiff alleges was in a dangerous condition and caused the subject accident complained of.

RCCL has not specifically or intentionally waived any affirmative defenses and specifically reserves the right to allege additional affirmative defenses, as discovery has not yet begun.

Respectfully submitted,

/s/ Cooper Jarnagin

W. Cooper Jarnagin
Florida Bar No. 117767
Cooper.Jarnagin@Gray-Robinson.com

Michael J. Drahos
Florida Bar No. 0617059
Michael.Drahos@Gray-Robinson.com

GrayRobinson, P.A.
515 North Flagler Drive
Suite 650
West Palm Beach, Florida 33140
Telephone: (561) 268-5727

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 12, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

/s/ Cooper Jarnagin

## **SERVICE LIST**

Victor Adam Ruiz
Victor A. Ruiz, P.A.
8660 West Flagler Street
Suite 100
Miami, FL 33144
305-778-4445
Email: Victor@Ruiz.Legal


Eddie Glenwood Godwin
Lau Lane Pieper Conley & McCreadie
100 S Ashley Drive
Suite 1700 PO Box 838
Tampa, FL 33601-0838
813-229-2121
Fax: 228-7710
Email: egodwin@laulane.com